IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MICHAEL LINDSEY,

                Plaintiff,           OPINION AND ORDER

    v.

                                      23-cv-840-wmc

WYATT WEADGE,
JAKE LAXTON,
ZACHARY WALDERA,
KALVIN SCHWARTZ,
MARIA LEMIEUX,
ANDREW HULCE,
DANE ESSER,
ERICA COLLINS, and
MARLESHA FISHNICK

                Defendants.

Plaintiff Michael Lindsey is representing himself and is incarcerated by the Wisconsin Department of Corrections ("DOC") at the Wisconsin Secure Program Facility ("WSPF"). Lindsey was granted leave to proceed against the named defendants on Eighth Amendment and state-law negligence claims. (Dkt. #7.) Defendants have moved for summary judgment on exhaustion grounds because Lindsey: did not timely appeal the dismissal of the only inmate complaint he filed regarding these claims; or, in the alternative, did not provide sufficient notice of his claims against defendants Waldera, Lemeiux, Hulce, Esser, Collins, and Fishnick. (Dkt. #25.) For the following reasons, defendants' motion for summary judgment will be granted.

BACKGROUND

On January 6, 2022, Lindsey alleges defendants failed to prevent his acts of self-harm or to intervene as he repeatedly cut himself with a staple and a tube of cream. On review of Lindsey's inmate complaint history, defendants identified just one, potentially relevant inmate complaint concerning his claims in this action: WSPF-2022-992 received

by the Inmate Complaint Examiner ("ICE") on January 18, 2022. Moreover, Lindsey does not dispute that he filed no other inmate complaints relevant to his claims in this lawsuit. (Dkt. #37 at ¶ 15.)

In his WSPF-2022-992 complaint, Lindsey claims that: "Officer Weadge encouraged me to kill myself"; "Officer Laxon stated to me that you always try to kill yourself but you never seem to get it done"; "Officer Schwartz also acted like he didn't see me"; and "All the staff that was working noticed or observed me cutting with the tube and did not attempt to stop me." However, ICE recommended dismissing this complaint because Lindsey's claims of staff misconduct needed to be investigated by a security supervisor. Accordingly, ICE sent Lindsey a memo explaining the process, which he signed and returned, and the Reviewing Authority ("RA") accepted ICE's recommendation of dismissal on February 1, 2022.

On March 8, 2022, Lindsey filed an appeal from the dismissal of his WSPF-2022-972 complaint. The Corrections Complaint Examiner ("CCE") received Lindsey's appeal on March 14, 2022, but recommended rejecting it as beyond the 14-day deadline allotted in Wis. Admin Code DOC § 310.12(1) and failing to provide good cause for his late filing. The Office of the Secretary (OOS) accepted the CCE's recommendation of rejection as untimely on April 5, 2022.

OPINION

The Prison Litigation Reform Act ("PLRA") bars a prisoner from bringing a civil lawsuit concerning prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). To satisfy this mandatory exhaustion requirement,

2

a prisoner must follow all of the prison's rules for completing its grievance process. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), including: (1) following instructions for filing an initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005); and (2) filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005).

The exhaustion requirement is designed to afford prison administrators an opportunity to investigate and resolve grievances without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006). Thus, a prisoner is required to provide notice of his claim by specifying "the nature of the wrong for which redress is sought ... [to give] prison officials a fair opportunity to address his complaint." *Jackson v. Esser*, 105 F.4th 948, 959 (7th Cir. 2024) (internal quotations and citations omitted). And exhaustion is required "even if ... the prisoner believes that exhaustion is futile." *Dole v. Chandler*, 438 F.3d 804, 808-09 (7th Cir. 2006); *see also Thornton v. Snyder*, 428 F.3d 690, 694 (7th Cir. 2005) ("An inmate's perception that exhaustion would be futile does not excuse him from the exhaustion requirement.").

Even so, a prisoner's failure to exhaust is an affirmative defense, which defendants must raise and prove. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018). In particular, at summary judgment, defendants must show that there is no genuine dispute of material fact as to plaintiff's failure to exhaust, entitling them to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

To exhaust administrative remedies, a Wisconsin prisoner must follow the Inmate Complaint Review System ("ICRS") process set forth in Wisconsin Administrative Code Chapter DOC 310, which begins with filing a complaint with the ICE within 14 days after

3

the incident giving rise to the grievance. Wis. Admin. Code § DOC 310.07(2). The ICE may return a complaint if it does not satisfy the criteria found in § 310.07(1), (3), (4), or (5). Wis. Admin. Code § DOC 310.10(5). For example, the inmate complaint may only contain "one clearly identified issue" that the inmate seeks to raise. Wis. Admin. Code § DOC 310.07(5). Likewise, a "complaint must contain sufficient information for the department to investigate and decide the complaint." Wis. Admin. Code § DOC 310.07(6). If the inmate is dissatisfied with the result, he may also file an appeal to the CCE within 14 days of the date of the decision on the inmate complaint (or 45 days after the date ICE receives the complaint, if the inmate does not receive a decision). Wis. Admin. Code §§ DOC 310.09(1), 310.11(3). The CCE reviews the underlying decision, then sends a recommendation to the OOS, whose decision is final. Wis. Admin. Code §§ DOC 310.12(9), 310.13(2)-(3).

The Seventh Circuit applies a "strict compliance approach to exhaustion," *Dole*, 438 F.3d at 809, meaning that if a prisoner failed to complete any step in the exhaustion process before bringing his lawsuit, the court must dismiss his claims. *Perez v. Wis. Dep't of Corrs.*, 182 F.3d 532, 535 (7th Cir. 1999). "Substantial compliance with administrative remedies" is insufficient to satisfy the exhaustion requirement. *Farina v. Anglin*, 418 F. App'x 539, 543 (7th Cir. 2011) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001), and *Dole*, 438 F.3d at 809).

Here, defendants are entitled to summary judgment on their exhaustion defense to plaintiff's claims because he failed to comply with ICRS requirements with respect to the only inmate complaint potentially relevant to his complaint. Specifically, plaintiff filed his

4

WSPF-2022-972 complaint on January 18, 2022, which the RA denied on February 1, 2022. Under Wis. Admin. Code §§ DOC 310.09(1), plaintiff had 14 days or until February 15, 2022, to timely file an appeal to the CCE. Instead, there is *no* factual dispute that plaintiff failed to appeal the RA's dismissal of his complaint until March 8, 2022; it was not received by CCE until March 14, 2022; and plaintiff failed to provide good cause for his untimely appeal. As a result, the OOS accepted the CCE's recommendation and rejected the appeal as untimely on April 5, 2022. Having failed to complete this step in the exhaustion process, the court must dismiss plaintiff's claims. *Perez*, 182 F.3d at 535.

ORDER

IT IS ORDERED that:

1) Defendants motion for summary judgment on exhaustion ground (dkt. #25) is GRANTED.

2) The Clerk of Court is directed to enter judgment consistent with this opinion and close this case.

Entered this 29th day of December, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge